IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TYRUS WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:26-cv-47-ECM |
| | ) | |
| RAEYSHEAL LETICIA ANALICIA | ) | |
| WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

On January 22, 2026, the Court referred this case to the United States Magistrate Judge, pursuant to 28 U.S.C. § 636, "for all pretrial proceedings and entry of any orders or recommendations as may be appropriate." (Doc. 4). Before the Court are the Plaintiff's motion for reconsideration and termination of the referral to the Magistrate Judge, (Doc. 9), and the Magistrate Judge's Recommendation that this case be dismissed without prejudice for failure to comply with Court Orders, (doc. 13). For the reasons explained below, the Plaintiff's motion is due to be denied, the Magistrate Judge's Recommendation is due to be adopted, and this case is due to be dismissed without prejudice.

The Plaintiff contends that the issues presented in this case are "not suitable" for "delegation" to the Magistrate Judge. (Doc. 9 at 5). The Plaintiff is mistaken. Referrals to the Magistrate Judge pursuant to § 636(b) to determine nondispositive pretrial matters or for recommendations on dispositive pretrial matters are lawful and appropriate, and the referrals are not "delegations" because "the district court [is] free to do as it sees fit with

the magistrate judge's recommendations." *See Roell v. Withrow*, 538 U.S. 580, 585 (2003) (explaining that 28 U.S.C. § 636(b)(1) allows the district judge to refer to the magistrate judge pretrial, case-dispositive matters for recommendations without the parties' consent, leaving "the district court free to do as it sees fit with the magistrate judge's recommendations"); *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 511–12 (11th Cir. 1990) (explaining that the parties' consent was not required for a district judge to refer a pretrial motion for preliminary injunction to the magistrate judge pursuant to 28 U.S.C. § 636, and rejecting the party's consent argument because the magistrate judge "did not enter judgment in the case, but merely made a recommendation"). Consequently, the Plaintiff's motion is due to denied.

Turning to the Magistrate Judge's Recommendation, the record reflects that no timely objections have been filed. Thus, upon an independent review of the file, the Court concludes that the Recommendation is due to be adopted.

Accordingly, it is

ORDERED as follows:

1.      The Plaintiff's motion (doc. 9) is DENIED;

2.      The Recommendation of the Magistrate Judge (doc. 13) is ADOPTED;

3.      This case is DISMISSED without prejudice;

4.      All pending motions are DENIED as moot, and all pending deadlines are TERMINATED.

A separate Final Judgment will be entered.

DONE this 14th day of July, 2026.

                              /s/ Emily C. Marks
                             EMILY C. MARKS
                             UNITED STATES DISTRICT JUDGE